**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MASTER D MUSIC RIGHTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | |
| AZEALIA A. BANKS | ) | |
| THOMAS WESLEY PENTZ p/k/a DIPLO; | ) | |
| UNIVERSAL MUSIC GROUP, INC; | ) | <u>JURY TRIAL DEMANDED</u> |
| DATPIFF LLC; PLASTIC HEAD MUSIC | ) | |
| DISTRIBUTION, LTD; CD UNIVERSE, INC; | ) | |
| BARNES AND NOBLE, INC; AMAZON.COM, | ) | |
| INC; OVERSTOCK.COM, INC; BEST BUY CO, | ) | |
| INC; and DOES 1 through 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff Master D Music Rights, LLC submits to the Court its Complaint, and for its causes of action against Defendants Azealia A. Banks, Thomas Wesley Pentz p/k/a "Diplo," Universal Music Group, Inc., DatPiff LLC, Plastic Head Music Distribution, Ltd., CD Universe, Inc., Barnes and Noble, Inc., Amazon.com, Inc., Overstock.com, Inc., Best Buy Co., Inc., and Does 1 through 10, inclusive (all together and collectively referred to as "Defendants"), states as follows:

## <u>INTRODUCTION</u>

Artists and entertainers are inspired every day by other artists, other art forms, other cultures.  Without it, art and entertainment would not progress.  But just as often, artists cross the bounds of inspiration and steal from their fellow artists.  They take what was created by another, and use it as their own, without permission or proper attribution.

Such theft is, unfortunately, what happened here.  Defendants Azealia Banks and Thomas Wesley Pentz (Diplo) took Darren Vermeulen p/k/a DJ Master-D (Master-D)'s copyrighted musical composition and sound recording "Mad Drumz" and used it to create a derivative song, "Fuck Up the Fun," without permission and without publicly acknowledging their use of "Mad Drumz."  Compounding their misdeed, after music-listeners quickly outed Banks and Diplo for using "Mad Drumz" without crediting Master D, Diplo falsely claimed that Master D took part in creating "Fuck Up the Fun."  In sum, Banks and Diplo used Master D's song without permission from or credit to him, and then Diplo lied that not only did they have his permission (which they did not), they had his participation (which they did not).

Other Defendants named in this suit, including Banks' record label and other distributors of the infringing song "Fuck Up the Fun," have unjustly participated in and profited from these misdeeds.  Plaintiff seeks from them, as well as from Banks and Pentz, the full remedy that the law requires and justice demands.  Most importantly, Plaintiff seeks to regain full control of his creative work and to set the record straight.

## NATURE OF THE CASE

1.      This is an action for copyright infringement, in violation of 17 U.S.C. ¶¶ 101, *et seq.,* arising from Defendants' unauthorized reproduction and/or distribution of Plaintiff's copyrighted musical composition and sound recording.

## PARTIES

2.      Plaintiff Master D Music Rights, LLC is a limited liability company registered in the State of Missouri. Master D is the sole member of Master D Music Rights, LLC.  Darren Vermeulen p/k/a DJ Master D authored and "produced"[1] the musical composition and sound

---

[1] "Produced," as used here, is the past tense of the music industry term of art "produce," which essentially means: "to help artists navigate the record-making process." *Fix It In the Mix: Disaggregating*

recording titled "Mad Drumz" and published the same in May 2008. Further Master D, as author, "producer," and owner, holds the copyright registration Certificate of Registration No. SR 706-268 covering Mad Drumz.  (*See* attached **Exhibit A**.) Pursuant to a certain transfer agreement between Master D and Plaintiff, Master D Music Rights, LLC owns certain rights, claims and interests, including but not limited to those publishing rights derived from ownership of the copyright in the musical composition of the Song.

3.       Defendant Azealia A. Banks, at all relevant times hereto, was and is an individual and resident of New York ("Banks").  On information and belief, at all relevant times hereto, Banks was and is an exclusive recording artist signed to a recording label division, of Universal Music Group, Inc.

4.       Defendant Thomas Wesley Pentz p/k/a Diplo, at all relevant times hereto, was and is an individual and resident of California (hereinafter "Pentz").  Pentz is well-known in the music industry as a DJ, music "producer," rapper, and songwriter.

5.       Defendant Universal Music Group, Inc., is a California Corporation having its principal place of business at 2220 Colorado Ave. Santa Monica, CA 90404 (hereinafter "UMG").  Upon information and belief, UMG has Defendant Banks under exclusive contract for the promotion and distribution of her music and performances.  Upon information and belief, UMG either claims a copyright interest in the Infringing Song (as subsequently defined herein),

---

*the Record Producer's Copyright*, 26 Harv. J. Law & Tec 325 (2012).   A person who "produces" a song in this sense is referred to within the industry as that song's "producer" and is typically credited as "producing" the song.  *Id*. ("Producers may assist the artist in various capacities including: (1) deciding which songs to record, (2) composing and arranging songs, (3) sifting through numerous takes to find the best ones, and (4) supervising the final mix.").  Where used in this sense in this Complaint, these variations on the industry term "produce" are placed in quotations in order to differentiate them from Copyright Act-derived terms (reproduction, reproduce, produce, and other variations of the word produce) which are not enclosed in quotations

or has exercised rights of a copyright owner of the Infringing Song, or is a necessary party for the Accounting relief requested herein.

6.      Defendant DatPiff, LLC is a Pennsylvania limited liability company with its principal place of business at 5 South Centre Avenue Suite 206, Leesport PA 19533. On information and belief DatPiff, LLC also does business under the name "PiffTapes."  (DatPiff LLC and its d/b/a Piff Tapes shall be collectively referred to herein as "Piff").

7.      Plastic Head Music Distribution, Ltd. is a British company having its principal place of business at Avtech House, Hithercroft, Wallingford, Oxon OX10 9DA, UK (hereinafter "PHD").  PHD is currently producing and distributing compact discs (which, upon information and belief, can be purchased by United States residents, to be shipped to them inside the United States) on its own website (presently http://www.plastichead.com/) and through numerous online independent distributors.

8.      CD Universe, Inc. is a Connecticut corporation having its principal place of business at 101 N. Plains Industrial Road, Wallingford, CT  06492-5857 (hereinafter "CD Universe"). CD Universe is an internet retailer which sells domestic and imported music compact discs, movies, and video games to customers all over the world via the internet (including, but not necessarily exclusively, through the website http://www.cduniverse.com/).

9.      Barnes and Noble, Inc., is a Delaware corporation having its principal place of business at 122 Fifth Avenue, New York, NY 10011 (hereinafter "Barnes and Noble").  Barnes and Noble is a retailer which sells domestic and imported books, music compact discs and movies to customers all over the world via the internet (including, but not necessarily exclusively, through the website http://www.barnesandnoble.com/).

10.     Amazon.com, Inc., is a Delaware corporation having its principal place of business at 410 Terry Avenue North, Seattle, WA 98109 (hereinafter "Amazon.com"). Amazon.com is an internet retailer which sells domestic and imported goods, books, music compact discs, movies and video games to customers all over the world via the internet (including, but not necessarily exclusively, through the websites http://www.amazon.com/ and http://www.amazon.ca/).

11.     Overstock.com, Inc., is a Delaware corporation having its principal place of business at 6350 South 3000 East, Salt Lake City, UT 84121 (hereinafter "Overstock.com"). Overstock.com is an internet retailer which sells domestic and imported goods, clothing, music compact discs and movies to customers all over the world via the internet (including, but not necessarily exclusively, through the website http://www.overstock.com/).

12.     Best Buy Co., Inc., is a Minnesota corporation having its principal place of business at 7601 Penn Avenue South, Richmond, MN 55423 (hereinafter "Best Buy").  Best Buy is a retailer which sells domestic and imported electronics, music compact discs and movies to customers all over the world via the internet (including, but not necessarily exclusively, through the website http://www.bestbuy.com/).

13.     Does 1 through 10 are additional, as yet unidentified, infringers of Plaintiff's copyrighted musical composition and sound recording, or are otherwise violators of Plaintiff's rights arising from the facts alleged herein.

## JURISDICTION AND VENUE

14.     This is a civil action seeking damages for direct, contributory, and vicarious copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*.

15. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over defendants because defendants have directed their activities and marketing of infringing recordings at Missouri residents, and Missouri residents are able to purchase downloads of the Infringing Song and also download and stream the Infringing Song for free. Defendants thus do continuous and systematic business and/or have a place of business in this judicial district.

17. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and Defendants are subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

### Plaintiff Creates and Registers the Musical
### Composition and Sound Recording "Mad Drumz"

18. On or about May 2008 Plaintiff authored and "produced" an original instrumental musical composition embodied in a sound recording entitled "Mad Drumz" (hereinafter "Drumz") and published the same in May 2008.

19. On or about October 9, 2012, Master D, as author, "producer," and owner, secured the U. S. copyright registration Certificate of Registration No. SR 706-268 (hereinafter "the '268 Copyright") covering Drumz. (A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.)

20. Plaintiff Master D is and at all relevant times has been the copyright owner of exclusive rights under the United States copyright law with respect to Drumz.

6

21.     Under the Copyright Act, Plaintiff is the proprietor of all right, title, and interests in the '268 Copyright, including but not limited to the exclusive rights to reproduce and distribute Drumz, as well as the right to sue for past infringement.

**Defendants Banks and Pentz**
**Create and Release the Infringing Song "Fuck up the Fun"**

22.     In or around January 2012, Defendant Banks, a rap artist from New York, signed an exclusive recording contract with Defendant UMG. (*See, e.g.*, http://www.vulture.com/2012/01/azealia-banks-has-signed-with-a-major-label.html: "I am now officially signed to Universal Music.")

23.     In or around February 2012, Defendant Banks announced that she would release her debut recording album with UMG, presently entitled *Broke with Expensive Taste*, in September 2012. (*See, e.g.*, http://www.xxlmag.com/news/2012/02/azealia-banks-announces-broke-with-expensive-taste-debut-due-september/.)   The release date for *Broke with Expensive Taste* has since been delayed until at least March 2014.   (*See* http://www.spin.com/#articles/azealia-banks-album-delay-march-disclosure/.)

24.     On information and belief, in or around March 2012, Defendant Pentz, a well-known DJ, music "producer," rapper, and songwriter, communicated with each other regarding a potential musical collaboration.

25.     In March 2012, Defendants Banks and Pentz, recorded the song "Fuck Up the Fun" (hereinafter the "Infringing Song") by using the entire composition and recording of Drumz without seeking Plaintiff's consent, permission, or license.

26.     Upon information and belief, Banks and Pentz recorded Banks' vocal performance to the accompaniment of the unauthorized copy of Plaintiff's Drumz.  In this way,

Pentz and Banks recorded the Infringing Song using an unauthorized copy of Drumz without Plaintiff's knowledge or authorization.

27.     Soon after recording the Infringing Song, Banks and Pentz made the Infringing Song publicly available on the internet, representing that it was sung by Banks and "produced" by Pentz. Since that time, numerous internet users worldwide (potentially millions, if not more) have viewed and listened to the Infringing Song on YouTube.com and other websites.

**The Public Exposes Banks' and Pentz's Infringement**

28.     After Banks and Pentz first released and published the Infringing Song in or around March 2012, fans and other recording professionals exposed Banks and Pentz for using Plaintiff's Drumz without attribution.  (*See, e.g.*, attached **Exhibit B**.)

29.     Shortly after the public exposed Banks and Pentz's unattributed and infringing use of Plaintiff's Drumz, Pentz contacted Plaintiff and attempted to secure Plaintiff's permission for and agreement to the use of Drumz in the Infringing Song in an official release.  However, no agreement was reached and Plaintiff did not give such permission.

**Defendant Pentz Publicly, and Falsely, Represents that
Plaintiff "Co-Produced" the Infringing Song**

30.     In response to the public's exposure of Defendants Banks' and Pentz's infringement, and despite being denied permission for use of Drumz, Pentz falsely stated or otherwise represented, in or around March 2012, that Drumz was used with Plaintiff's consent and that Plaintiff "co-produced" the Infringing Song.  (*See, e.g.*, http://www.factmag.com/2012/03/26/diplo-in-the-dock-update-beat-goes-down-as-a-collaboration-azealia-banks-working-with-lana-del-rey/.)

31.     In fact, Defendants have never obtained Plaintiff's agreement or permission to use Drumz, nor have they obtained Plaintiff's agreement or permission to use his name in connection with the Infringing Song.

32.     Moreover, although Defendants Banks and Pentz made unauthorized use of Plaintiff's Drumz in the Infringing Song, Plaintiff did not participate in the "production" of the Infringing Song, contrary to Defendant Pentz's representations.

**The Infringing Song Is Released on Defendant Banks' mixtape album *Fantasea***

33.     On or about July 11, 2012, the Infringing Song was included on a "mixtape" album released under Banks' name and entitled *Fantasea*.  The *Fantasea* mixtape contained numerous songs, consisting primarily of "mixes" of various' artists' music, with Banks' vocal performances incorporated with this music.  The "cover art" of *Fantasea* is shown below:



34.     *Fantasea* was first made available as a free digital download.  Upon information and belief, numerous internet users worldwide (potentially hundreds of thousands, if not more) did in fact download the mixtape *Fantasea*, including the Infringing Song, onto their computers and other electronic devices.  By way of illustration, in the less than two years since Defendants

Banks and Pentz wrongfully appropriated Drumz to create the Infringing Song, Banks has, to date, received thousands of YouTube views.

35.    Banks, in connection with Defendants Piff and PHD, additionally released the Infringing Song as part of a compact disc version of the mixtape *Fantasea*.

36.    On or around October 10, 2012, Plaintiff was again contacted on behalf of Banks and Defendant UMG in an attempt to obtain Plaintiff's permission for and agreement to the use of Drumz in an official release, including a release on Banks' anticipated first album with UMG, *Broke with Expensive Taste*.  Again, no agreement was reached and no permission was granted.

**Defendants Commercially Exploit the Infringing Song**

37.    Defendants have unlawfully sold and/or otherwise commercially exploited the Infringing Song without the consent, permission, or license of Plaintiff.  Defendants have done this in numerous ways, included but not limited to the following:

a.    The compact disc-release of *Fantasea* has been sold on numerous websites, including but not limited to websites operated, controlled, or otherwise used by Defendants PHD, CD Universe, Barnes and Noble, Amazon.com, Overstock.com, and Best Buy.   Such sales have resulted in purchases included but not limited to the following:

i.    Upon information and belief, PHD customers, including customers within the State of Missouri, have purchased the compact disc *Fantasea* containing the Infringing Song.

ii.    Upon information and belief, CD Universe customers, including customers within the state of Missouri, have purchased the compact disc *Fantasea* containing the Infringing Song.

iii.        Upon information and belief, Barnes and Noble customers, including customers within the state of Missouri, have purchased the compact disc *Fantasea* containing the Infringing Song.

iv.        Upon information and belief, Amazon.com customers, including customers within the state of Missouri, have purchased the compact disc *Fantasea* containing the Infringing Song.

v.        Upon information and belief, Overstock.com customers, including customers within the state of Missouri, have purchased the compact disc *Fantasea* containing the Infringing Song.

vi.        Upon information and belief, Best Buy customers, including customers within the State of Missouri, have purchased the compact disc *Fantasea* containing the Infringing Song.

b.        Defendant Piff sells the Infringing Song online as part of tapes, CDs, and/or via digital download either individually or as part of *Fantasea*.

c.        Defendant Piff has duplicated and uploaded the Infringing Song to iTunes, Amazon, Google Play, and eMusic (and, possibly, other sites).

d.        Defendant Piff, through its website, www.datpiff.com ("Piff's Website"), offers free downloading of *Fantasea* to anyone.

i.        Defendant Piff profits from these downloads through, *inter alia*, advertising money received in connection with such downloads.  Piff's Website displays a message stating that the mixtape is "sponsored," and when *Fantasea* is downloaded an advertisement appears.

e.      Piff's Website states that *Fantasea* was added to Piff's website on July 12, 2012, has been downloaded over 50,000 times, has over 140,000 views, and has been streamed over 26,000 times.

f.      UMG has used the release of the mixtape *Fantasea* to promote Defendant Banks' celebrity, her brand as a recording artist, and the anticipated sale of her upcoming releases, including her official debut album with UMG: the presently-titled *Broke with Expensive Taste*.

g.      Upon information and belief, one or more Defendants are selling tapes and/or CDs, which include the Infringing Song, in stores and live performance appearances by Banks.

**Banks Performs the Infringing Song at Live Performances**

38.      Banks has performed at sold-out shows across Europe and the United Kingdom and the U.S., including in New York at the Bowery Ballroom, to thousands of concert-goers. (*See,      e.g.*,      http://www.setlist.fm/setlist/azealia-banks/2012/bowery-ballroom-new-york-ny-bdfd9ce.html.)

39.      Upon information and belief, Banks performed the Infringing Song at many, if not all, of these occasions.  (*See, e.g.*, *id.*) (set list for 2012 Bowery Ballroom show in New York).

40.      Defendants have used (or at minimum have benefited from) these live performances, as these performances have promoted Defendant Banks' celebrity, increased the value of her brand as a recording artist, increased sales of *Fantasea*, and promoted her upcoming releases, including the presently-titled album *Broke with Expensive Taste*.

**The Infringing Song is Mentioned Prominently in Publicity for Banks**

41.     The Infringing Song has been prominently mentioned in media and press releases associated with Banks, including but not limited in an August 28, 2012 cover story, "The Making of Azealia Banks," published online and in the September/October 2012 print edition of the well-known music industry publication *Spin Magazine*. (*See* http://www.spin.com/#articles/azealia-banks-spin-issue-story/) ("'Fuck Up the Fun,' produced by Diplo, on July's *Fantasea* mixtape, is basically a Dutch house record.").

42.     Defendants have used (or at minimum have benefited from) this publicity, as it has promoted Defendant Banks' celebrity, increased the value of her brand as a recording artist, increased sales of *Fantasea*, and promoted her upcoming releases, including the presently-titled album *Broke with Expensive Taste*.

**Plaintiff Never Gave Defendants Permission to Use or Sell His Music**

43.     Banks and Pentz never obtained permission from Plaintiff to use Drumz prior to reproducing, distributing, recording, selling, distributing, or publicly performing the Infringing Song.

44.     Plaintiff has never given any of the Defendants permission or consent—and never granted any of the Defendants a license—to use Drumz for any purpose.

45.     Plaintiff has demanded, in writing, that all Defendants cease and desist their unauthorized use of Drumz and their misrepresentations regarding Diplo's alleged role in recording and/or "producing" the Infringing Song.

46.     Defendants have not responded and continue to violate Plaintiff's rights.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT
### (Against Defendant Pentz)

47.     Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

48.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, the owner of a copyright has the exclusive right to reproduce, distribute, publicly perform, and create derivative works based on the copyrighted work or authorize the reproduction, distribution, public performance, and creation of derivative works based on the copyrighted work.

49.     Pentz willfully, intentionally and purposefully copied Plaintiff's Drumz with full knowledge of Plaintiff's exclusive copyrights in Drumz and in disregard of and indifference to the rights of Plaintiff.

50.     Pentz willfully, intentionally and purposefully reproduced, distributed, licensed and/or sold copies of Plaintiff's Drumz to various parties with full knowledge of Plaintiff's exclusive copyrights in Drumz and in disregard of and indifference to the rights of Plaintiff.

51.     Pentz willfully, intentionally and purposefully reproduced, distributed, licensed and/or sold copies of the Infringing Song, which contains the entirety of Plaintiff's Drumz, to various parties with full knowledge of Plaintiff's exclusive copyrights in Drumz and in disregard of and indifference to the rights of Plaintiff.

52.     Pentz's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

53.     As a direct and proximate result of Pentz's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the

maximum statutory damages pursuant to 17 U.S.C. § 504(c).   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

54.     Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

55.     As a direct and proximate result of Pentz's willful copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.   Unless enjoined and restrained by this Court, Defendant Pentz will continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyright.

## COUNT II

### DIRECT COPYRIGHT INFRINGEMENT
### (Against Defendant Banks)

56.     Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

57.     Banks willfully, intentionally and purposefully copied Plaintiff's Drumz with full knowledge of Plaintiff's exclusive copyrights in Drumz and in disregard of and indifference to the rights of Plaintiff.

58.     Banks willfully, intentionally and purposefully reproduced, distributed, licensed and/or sold copies of Plaintiff's Drumz to various parties with full knowledge of Plaintiff's exclusive copyrights in Drumz and in disregard of and indifference to the rights of Plaintiff.

59.     Banks willfully, intentionally and purposefully reproduced, distributed, licensed and/or sold copies of the Infringing Song, which contains the entirety of Plaintiff's Drumz, to various parties with full knowledge of Plaintiff's exclusive copyrights in Drumz and in disregard of and indifference to the rights of Plaintiff.

60.      Banks' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

61.     As a direct and proximate result of Banks' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

62.     Plaintiff is also entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

63.     As a direct and proximate result of Banks' willful copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Banks will continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyright(s).

## COUNT III

### DIRECT COPYRIGHT INFRINGEMENT
**(Against Defendant Piff)**

64.     Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

16

65.     Defendant Piff, without authority, is making, causing to be made, and purporting to authorize the making of unauthorized copies of Plaintiff's registered copyrighted work. Defendant's conduct constitutes direct infringement of Plaintiff's exclusive rights under the Copyright Act to reproduce his copyrighted work.

66.     As publisher for the Infringing Song, Piff distributed a copy of the Infringing Song, which contains the entirety of Plaintiff's Drumz, to PHD.

67.     Upon information and belief, as publisher for the Infringing Song, Piff reproduced and distributed and continues to reproduce and distribute copies of the Infringing Song to third party vendors, including PHD, CD Universe, Barnes and Noble, Amazon.com, Overstock.com and Best Buy for commercial sale to the public, and had otherwise licensed the Infringing Song for use by various third parties for the creation of derivative works.

68.     Piff's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

69.     As a direct and proximate result of Piff's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has been injured and is entitled, *inter alia*, to the maximum statutory damages pursuant to 17 U.S.C. § 504(c).   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

70.     Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

71.     As a direct and proximate result of Piff's copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.   Unless enjoined and restrained by this Court, Piff will

continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyright.

<u>**COUNT IV**</u>

**DIRECT COPYRIGHT INFRINGEMENT**
**(Against Defendant PHD)**

72.     Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

73.     Defendant PHD, without authority, is making, causing to be made, and purporting to authorize the making of unauthorized copies of Plaintiff's registered copyrighted work. PHD's conduct constitutes direct infringement of Plaintiff's exclusive rights under the Copyright Act to reproduce his copyrighted work.

74.     As distributor for the Infringing Song, PHD produced and distributed the compact disc *Fantasea* containing the Infringing Song, which includes the entirety of Plaintiff's Drumz.

75.     Upon information and belief, as distributor for the Infringing Song, PHD reproduced and distributed and continues to reproduce and distribute copies of the Infringing Song through its own website (http://www.plastichead.com/), to third party vendors for commercial sale to the public, and had otherwise licensed the Infringing Song for use by various third parties for the creation of unauthorized derivative works.

76.     PHD's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

77.     As a direct and proximate result of PHD's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's

18

election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

78.     Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

79.     As a direct and proximate result of PHD's copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.   Unless enjoined and restrained by this Court, PHD will continue to infringe Plaintiff's copyright in Drumz.   Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyright.

<u>**COUNT V**</u>

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(Against Defendant Pentz)**

80.     Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

81.     Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.   These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

82.     Pentz has actual and constructive knowledge that one or more of these infringers are reproducing, distributing, publicly performing, or creating derivative works based on the

copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.

83.     Acting with this actual and constructive knowledge, Pentz enables, facilitates, and materially contributes to others' copyright infringement, which could not occur without Pentz's enablement and wrongdoing.

84.     Pentz is liable as a contributory copyright infringer for the acts of the other infringers.  Defendant Pentz has enabled, induced, facilitated, and materially contributed to the others' acts of infringement.

85.     Pentz's contributory infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

86.     As a direct and proximate result of Pentz's contributory infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

87.     Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

88.     As a direct and proximate result of Pentz's willful contributory copyright infringement, Plaintiff suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Pentz will continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring

20

Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

**COUNT VI**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(Against Defendant Banks)**

89.     Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

90.     Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.   These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

91.     Banks has actual and constructive knowledge that one or more of these infringers are reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.

92.     Acting with this actual and constructive knowledge, Banks enables, facilitates, and materially contributes to others' copyright infringement, which could not occur without Banks' enablement and wrongdoing.

93.     Banks is liable as contributory copyright infringer for the infringing acts of the other infringers.  Defendant Banks has enabled, induced, facilitated, and materially contributed to the others' acts of infringement.

94.     Banks' contributory infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

95.     As a direct and proximate result of Banks' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c).   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

96.     Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

97.     As a direct and proximate result of Banks' contributory copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.   Unless enjoined and restrained by this Court, Banks will continue to infringe Plaintiff's copyright in Drumz.   Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT VII

### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against Defendant UMG)

98.     Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

99.     Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of

derivative works based on the copyrighted work, all without authorization.   These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

100.   UMG has actual and constructive knowledge that one or more of these infringers are reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.

101.   Acting with this actual and constructive knowledge, UMG enables, facilitates, and materially contributes to others' copyright infringement, which could not occur without Defendant UMG's enablement and wrongdoing.

102.   UMG is liable as a contributory copyright infringer for the infringing acts of the other infringers.  UMG has enabled, induced, facilitated, and materially contributed to the others' acts of infringement.

103.   UMG's contributory infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

104.   As a direct and proximate result of UMG's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendants' profits from infringement, as will be proven at trial.

105.   Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

106.   As a direct and proximate result of UMG's contributory copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury,

for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, UMG will continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT VIII

### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against Defendant Pentz)

107.    Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

108.    Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.   These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

109.    Pentz had the right and ability to supervise and control one or more of these individuals and entities' infringement of Plaintiff's copyright.   By, *inter alia*, licensing and authorizing the exploitation of the Infringing Song, Pentz has failed to supervise and control Banks, UMG, Piff, PHD, and others' infringement of the Plaintiff's copyright.

110.    Upon information and belief, Pentz has derived, and continues to derive, direct financial benefit from the infringement of Plaintiff's copyrights by Banks, UMG, Piff, PHD and others, including, without limitation, income and royalties generated from the reproduction, distribution, public performance and creation of derivative works based on the copyrighted work.

111.    Pentz is vicariously liable for the infringing acts of the other infringers.

24

112.    Pentz's vicarious infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

113.    As a direct and proximate result of Pentz's vicarious infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c).   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

114.    Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

115.    As a direct and proximate result of Pentz's vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.   Unless enjoined and restrained by this Court, Pentz will continue to infringe Plaintiff's copyright in Drumz.   Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT IX

### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against Defendant Banks)

116.    Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

117.    Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of

derivative works based on the copyrighted work, all without authorization.   These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

118.   Banks has the right and ability to supervise and control one or more of these individuals and entities' infringement of Plaintiff's copyright.   By, *inter alia*, licensing and authorizing the exploitation of the Infringing Song, Banks has failed to supervise and control UMG, Piff, PHD, and others' infringement of the Plaintiff's copyright.

119.   Upon information and belief, Banks has derived, and continues to derive, direct financial benefit from the infringement of Plaintiff's copyrights by UMG, Piff, PHD, and others, including, without limitation, income and royalties generated from the reproduction, distribution, public performance and creation of derivative works based on the copyrighted work.

120.   Banks is vicariously liable for the infringing acts of the other infringers.

121.   Banks' vicarious infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

122.   As a direct and proximate result of Banks' vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c).   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

123.   Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

124.   As a direct and proximate result of Banks' vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.   Unless enjoined and restrained by this Court,

Banks will continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

**COUNT X**

**VICARIOUS COPYRIGHT INFRINGEMENT**
**(Against Defendant Piff)**

125.    Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

126.    Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.   These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

127.    As, *inter alia*, publisher and administrator of the Infringing Song at all relevant times, Piff has the right and ability to supervise and control one or more of these individuals and entities' infringement of Plaintiff's copyright.  By, *inter alia*, authorizing the exploitation of the Infringing Song, Piff has failed to supervise and control PHD, CD Universe, and others' infringement of Plaintiff's copyrights.

128.    Upon information and belief, Piff has derived, and continues to derive, direct financial benefit from the infringement of Plaintiff's copyrights by PHD, CD Universe, and others, including, without limitation, income and royalties generated from the reproduction, distribution, public performance and creation of derivative works based on the copyrighted work.

129.    Piff is vicariously liable for the infringing acts of the other infringers.

27

130.    Piff's vicarious infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

131.    As a direct and proximate result of Piff's vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c).   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

132.    Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

133.    As a direct and proximate result of Piff's vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Piff will continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT XI

### VICARIOUS COPYRIGHT INFRINGEMENT
**(Against Defendant PHD)**

134.    Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

135.    Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of

28

derivative works based on the copyrighted work, all without authorization. These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

136. As, *inter alia*, producer of the compact disc of the Infringing Song and administrator of its website at all relevant times, PHD has the right and ability to control and supervise one or more of these individuals and entities' infringement of Plaintiff's copyright. By, *inter alia*, authorizing the exploitation of the compact disc of the Infringing Song, PHD has failed to supervise the others' infringement of Plaintiff's copyright.

137. Upon information and belief, PHD has derived, and continues to derive, direct financial benefit from the infringing activities of others, including, without limitation, those fees and/or commissions collected from PHD for the production of the compact disc of the Infringing Song and administration of its website which offers the compact disc for sale.

138. PHD is vicariously liable for the infringing acts of the other infringers.

139. PHD's vicarious infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

140. As a direct and proximate result of PHD's vicarious infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

141. Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

142. As a direct and proximate result of PHD's vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury,

for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, PHD will continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyright.

## COUNT XII

### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against Defendant UMG)

143.    Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

144.    Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.   These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

145.    By, *inter alia*, employing and contracting with Banks, UMG has the right and ability to control and supervise one or more of these individuals and entities' infringement of Plaintiff's copyright.  By, *inter alia*, authorizing the production and exploitation of the Infringing Song, UMG has failed to control and supervise Piff, PHD, CD Universe, and others' infringement of Plaintiff's copyright.

146.    Upon information and belief, UMG has derived, and continues to derive, direct financial benefit from the infringing activities of Piff, PHD, CD Universe, and others, including, without limitation, revenue generated by sales of the compact disc of the Infringing Song.

147.    UMG is vicariously liable for the infringing acts of the other infringers.

148.    UMG's vicarious infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

149.    As a direct and proximate result of UMG's vicarious infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c).    Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to, *inter alia*, his actual damages plus Defendant's profits from infringement, as will be proven at trial.

150.    Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

151.    As a direct and proximate result of UMG's vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.    Unless enjoined and restrained by this Court, UMG will continue to infringe Plaintiff's copyright in Drumz.    Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT XIII

### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against Defendants,
### Amazon.com, Overstock.com, and Does 1 through 10)

152.    Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

153.    Certain individuals and entities, including but not limited to the other Defendants in this litigation, have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, *inter alia*, reproducing, distributing, publicly performing, or creating derivative works

based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization.   These individuals and entities are therefore infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

154.    Upon information and belief, CD Universe, Barnes and Noble, Amazon.com, Overstock.com, Best Buy, and Does 1 through 10 have the right and ability to control and supervise one or more of the others' infringement of Plaintiff's copyright.   By, *inter alia*, facilitating the sale of the Infringing Song through, *inter alia*, their websites, and Does 1 through 10 have failed to control and supervise others' infringement of Plaintiff's copyright.

155.    Upon information and belief, CD Universe, Barnes and Noble, Amazon.com, Overstock.com, Best Buy, and Does 1 through 10 have derived, and continue to derive, direct financial benefit from the infringing activities of Piff, PHD and others, including, without limitation, revenue generated by internet sales of the compact disc of the Infringing Song through their websites.

156.    CD Universe, Barnes and Noble, Amazon.com, Overstock.com, Best Buy, and Does 1 through 10's vicarious infringement has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

157.    CD Universe, Barnes and Noble, Amazon.com, Overstock.com, Best Buy, and Does 1 through 10 are vicariously liable for the infringing acts of the other infringers.

158.    As a direct and proximate result of CD Universe, Barnes and Noble, Amazon.com, Overstock.com, Best Buy, and Does 1 through 10's vicarious infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has been injured and is entitled to, *inter alia*, the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to,

32

*inter alia*, his actual damages plus Defendants' profits from infringement, as will be proven at trial.

159.    Plaintiff is entitled to, *inter alia*, his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

160.    As a direct and proximate result of CD Universe, Barnes and Noble, Amazon.com, Overstock.com, Best Buy, and Does 1 through 10's vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's copyright in Drumz.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to, *inter alia*, a preliminary and permanent injunction requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT XIV

### VIOLATIONS OF THE LANHAM ACT, 15 U.S.C. 1125, ET SEQ.,
### (Against All Defendants)

161.    Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if set forth fully herein.

162.    In pertinent part, 15 U.S.C. 1125 § 43(a) provides:

(a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which-

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her good, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its or her or another person's

33

goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

163.   In connection with the advertising, promotion, and/or sale of products containing or otherwise incorporating the Infringing Song, Defendants have falsely stated or otherwise represented, *inter alia*, that:

    a.   the Infringing Song was a wholly original work by Defendants Banks and Pentz; and/or

    b.   the Infringing Song was "co-produced" by Plaintiff.

164.   By so doing, such Defendants:

    a.   have caused and are likely to continue causing mistake, confusion and deception as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods, services, and/or commercial activities by Plaintiff; and/or

    b.   have, in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, and/or commercial activities.

165.   Defendants' wrongful actions were wanton, willful, intentional, and/or taken in reckless disregard of Plaintiff's rights and the rights and interests of consumers.

166.   As a direct and proximate result of Defendants' wrongful actions, Plaintiff has been injured and he is entitled to the full scope of damages provided for under the Lanham Act, including but not limited to statutory and actual damages and costs, including reasonable attorney's fees.

34

167.   As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to violate the Lanham Act, and the Court should therefore enter a preliminary and permanent injunction barring such violations.

## COUNT XV

### STATE LAW STATUTORY
### UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES CLAIMS
### (Against All Defendants)

168.   Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

169.   Defendants have engaged in wrongful conduct, as more fully described above, in connection with the Infringing Song.

170.   Upon information and belief, Defendants have engaged in this wrongful conduct in several states in the United States.

171.   Upon information and belief, Defendants' wrongful conduct constitutes unfair competition, deceptive trade practices, and/or other unlawful conduct under statutes in force in these states, applying to the wrongful conduct described herein.

172.   As a direct and proximate result of Defendants' wrongful conduct in violation of these statutes, Plaintiff has:

    a.   suffered injury and is entitled to the full scope of damages available under such statutes; and

b.   suffered irreparable harm for which there is no adequate remedy at law and is entitled to any and all preliminary and permanent injunctive relief authorized or otherwise allowed under such statutes.

173.   If the Court deems it necessary, and once additional information is learned through discovery, Plaintiff will amend his Complaint to specify allege each and every such state's unfair competition, deceptive trade practice, or other similar or related statutes that Defendants have violated.   Plaintiff hereby requests leave (if the Court deems such leave necessary) to so amend his Complaint.

## COUNT XVI

**STATE COMMON LAW**
**UNFAIR COMPETITION / DECEPTIVE TRADE PRACTICES**
**(Against All Defendants)**

174.   Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

175.   Defendants have engaged in wrongful conduct, as more fully described above, in connection with the Infringing Song.

176.   Upon information and belief, Defendants have engaged in this wrongful conduct in several states in the United States.

177.   Upon information and belief, and if not preempted by federal law, Defendants' wrongful conduct violates the common law of each of those several states, and gives rise to causes of action under the same, including but not limited to unfair competition and/or deceptive or unlawful trade practices.

178.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has:

     a.   suffered injury and is entitled to the full scope of damages available under such causes of action; and

     b.   suffered irreparable harm for which there is no adequate remedy at law and is entitled to any and all preliminary and permanent injunctive relief authorized or otherwise allowed under such causes of action.

179.   If the Court deems it necessary, and once additional information is learned through discovery, Plaintiff will amend his Complaint to specifically allege the elements of each and every such state's unfair competition, deceptive trade practice, or other similar or related cause of action.  Plaintiff hereby requests leave (if the Court deems such leave necessary) to so amend his Complaint.

## COUNT XVII

### STATE LAW TORTIOUS INTERFERENCE
(Against All Defendants)

180.   Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

181.   Defendants have interfered in Plaintiff's existing and prospective relationships with end-users of iTunes and other digital music vendors, as Defendants have induced such end-users to download the Infringing Song as opposed to Plaintiff's Drumz.

182.   Defendants' interference was and is intentional and without privilege or justification.

183.   Upon information and belief, Defendants' interference has occurred in several states in the United States.

184.    Upon information and belief, and if not preempted by federal law, Defendants' interference violates the common law of each of those several states, and gives rise to a tortious interference cause of action under the same.

185.    As a direct and proximate result of Defendants' interference, Plaintiff has:

    a.  suffered injury and is entitled to the full scope of damages available under such cause of action; and

    b.  suffered irreparable harm for which there is no adequate remedy at law and is entitled to any and all preliminary and permanent injunctive relief authorized or otherwise allowed under such cause of action.

186.    If the Court deems it necessary, and once additional information is learned through discovery, Plaintiff will amend his Complaint to specifically allege the elements of each and every such state's tortious interference cause of action.  Plaintiff hereby requests leave (if the Court deems such leave necessary) to so amend his Complaint.

## COUNT XVIII

### UNJUST ENRICHMENT
(Against All Defendants)

187.    Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

188.    Defendants have, without authorization, taken something of value from Plaintiff, i.e., the use of Drumz.

189.    Plaintiff has not received any compensation from Defendants' use of Drumz.

190.    Defendants have unjustly profited from and/or been enriched by their use of Drumz, and these profits and/or enrichment should be disgorged to Plaintiff.

191.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has suffered irreparable harm for which there is no adequate remedy at law and is entitled to any and all preliminary and permanent injunctive relief authorized or otherwise allowed.

## COUNT XIX

### DECLARATORY RELIEF
(Against All Defendants)

192.    Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

193.    For the reasons stated above, Plaintiff's rights, status, and legal relations are affected by Defendants' wrongful conduct; a ripe, justiciable controversy has arisen between Plaintiff, on the one hand, and Defendants, on the other hand, regarding Plaintiff's rights; Plaintiff has no adequate remedy at law; and Plaintiff has legally protected pecuniary interests directly at issue and subject to immediate or prospective consequential relief.

## COUNT XX

### PRELIMNARY AND PERMANENT INJUNCTION
(Against All Defendants)

194.    Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

195.    Plaintiff is likely to succeed in this litigation.

196.    As a direct and proximate result of Defendants' misconduct, as detailed above, Plaintiff has suffered irreparable harm for which there is no adequate remedy at law and is entitled to all preliminary and permanent injunctive relief authorized or otherwise allowed under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each and every one of the Defendants as follows:

a. For a declaration that Defendants have willfully infringed Plaintiff's copyright both directly and secondarily;

b. For a declaration that all of Defendants' rights in any infringing works, including but not limited to the Infringing Song and any recordings embodying those works, are null and void, and declaring Plaintiff the owner of all such rights in said works and recordings;

c. For an injunction, declaration, and/or other appropriate order requiring that Defendants and their agents, officers, representatives, operatives, distributors, employees, servants, successors, assigns and attorneys and all those in active concert or participation with them, cease directly or indirectly, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of Plaintiff's respective copyrights or exclusive rights protected by the Copyright Act in Drumz, including but not limited to, manufacturing, creating, producing, recording, advertising, copying, displaying, marketing, performing, reproducing, importing, selling, offering for sale, and/or distributing any item(s) which contains the entirety of Plaintiff's Drumz;

d. For an injunction, declaration, and/or other appropriate order directing Defendants to recall, seize and impound any and all copies of materials which contain the entirety of Plaintiff's Drumz, including but not limited to, all records, audio and video tapes, digital audio tapes, digital video discs, and compact discs;

40

e.      For an injunction, declaration, and/or other appropriate order directing Defendants to cancel and declare void any and all contracts, including but not limited to, contracts with artists, producers, distributors, retailers, wholesalers, online service providers and television networks that involve materials which contain unauthorized portions of Plaintiff's Drumz;

f.      For an injunction, declaration, and/or other appropriate order directing Defendants to disseminate corrective advertising to ameliorate the adverse consequences of their infringing and/or unlawful acts; the content, nature, form and extent of which is to be approved by Plaintiff and this Court;

g.      For an injunction, declaration, and/or other appropriate order imposing a constructive trust over those monies obtained by Defendants as a result of their copyright infringement;

h.      For an injunction, declaration, and/or other appropriate order directing Defendants to account for all gains, profits, savings and advantages realized by Defendants from the aforesaid infringing and unlawful acts;

i.      For statutory damages pursuant to, *inter alia*, 17 U.S.C. § 504(c).  Furthermore, at Plaintiff's election pursuant to, *inter alia*, 17 U.S.C. § 504(b), for actual damages plus Defendants' profits from infringement, as will be proven at trial;

j.      For increased damages against Defendants, including but not limited to statutory treble damages and common law punitive damages;

k.      For Plaintiff's costs, including but not limited to reasonable attorneys' fees, under, *inter alia*, 17 U.S.C. § 505;

l.      For pre- and post-judgment interest; and

m.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial.

Respectfully submitted,


**KAYIRA LAW, LLC**


By:__/s/ Eric F. Kayira_____
        Eric F. Kayira, 50672MO
        200 S. Hanley Road, Suite 208
        Clayton, Missouri 63105
        (314) 899-9381
        (314) 899-9382 facsimile
        eric.kayira@kayiralaw.com

        *Attorneys for Plaintiff*